## Lerew Estate

*Brown, Swope & MacPhail,* for exceptant.

*Ullman & MacBride* and *Eugene R. Hartman,* contra.

SHEELY, P. J., June 22, 1957.— Decedent died on September 8, 1955. For 11 years prior to her death, and at the time of her death, she resided in a home owned and occupied by her son, William F. Lerew, and she was supported in part from her own resources and in part by her son. During at least 11 months prior to her death, she was confined to her bedroom and for the last six months was confined to bed and cared for

by her son and his family. During most of this period she was irrational.

After her death the son claimed a family exception under section 211 of the Fiduciaries Act of 1949, but the claim was disallowed by the auditor on the ground that William F. Lerew did not form a part of decedent's household but decedent was a part of his household. William F. Lerew excepted to the report of the auditor and his exceptions are now before the court.

Section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.211, provided, prior to the amendment of 1956: "The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as form a part of the decedent's household, may retain or claim as an exemption . . . to the value of seven hundred and fifty dollars." The problem presented is what the legislature intended by the words "form a part of the decedent's household".

Many factual situations are possible ranging from that of a child living with and wholly dependent upon the parent to that of parent living with and wholly dependent upon the child. Between these two extremes are many difficult situations. As suggested in Fiduciary Review, August, 1954: "Is ownership of real estate controlling? Does it depend on who pays taxes, purchases the food, or the degree of senility of the decedent immediately before his death? Suppose a lease is in the name of decedent but the child pays the rent —or it is in the name of both and they share expenses equally? Surely, the courts will strain hard to find that the child who gave shelter to decedent in his need has as great right to the exemption as the child who, without the need of decedent's help, happened to be residing in decedent's home at his death. Should not Section 211 of the Fiduciary Act be amended either to make it clear that a child-claimant's rights depend

on his necessities, or, if not, that a household relationship alone is required, regardless of who is dominant therein?"

The courts have not been uniform in their interpretation of what is required to support a claim for exemption. Rossi Estate, 69 D. & C. 190 (1949), was very similar in its facts to the present case and supports the ruling of the auditor. There the hearing judge concluded that the case was one of a decedent having come to live with petitioner and her husband, rather than petitioner forming part of the family of decedent, and found as a fact that petitioner did not form part of the family of decedent at the time of the latter's death. The court, on exceptions, concluded that decedent was merely a guest in the family of claimant and claimant was not entitled to the exemption.

Directly opposite is Bates Estate, 11 D. & C. 2d 325, where decedent went to live with her daughter in a home owned by the daughter and the court allowed an exemption to the daughter. The court there relied upon Niedzielski Estate, 4 D. & C. 2d 290, in which the claim was also allowed. In that case the claim was made by a widowed daughter of decedent. The house in which claimant and decedent lived was owned by claimant who was employed, decedent running the household and doing most of the shopping. That case might be distinguished on the latter facts but the court did not base its conclusion on those facts. The court stated: "Claimant's right to the exemption is based on the existence of the family relationship and claimant's residence with decedent in a single dwelling at the time of her death. This right is not dependent upon who is the provider, owner or lessee of the premises occupied or who is the dominant factor in the domestic establishment. In our view it is sufficient if the child claimant and decedent live together within one dwelling as members of the domestic unit and as part of the same

household. Our conclusion is in harmony with the traditional treatment afforded exemption statutes and gives effect to their purpose. These acts were conceived in a spirit favorable to the family of decedent and have been interpreted to be consistent with that public policy . . . and have always been considered according to their spirit rather than to the letter. . . ."

We considered the general problem here involved in Cullison Estate, 87 D. & C. 516, (1953), but it was not necessary to determine whether the narrow rule of Rossi Estate or the broad rule of Bates Estate would apply since we found that even under the narrow rule claimant was entitled to the exemption. The facts of that case represented one of the intermediate situations above referred to since decedent lived in the household with claimant and her husband, decedent owning and maintaining the house while claimant provided the food, etc. Although our decision there has been construed as a tacit approval of the conclusion reached in Rossi Estate, it was recognized that we left undecided the question whether it is enough that claimant and decedent lived in one household, even though that household is that of the child, or whether it must be shown that decedent was the provider, at least in part. That is the question now before us.

In Cullison Estate we said: "Section 211 of the Fiduciaries Act of 1949 was not intended to make any basic change in the law as it existed under the Fiduciaries Act of June 7, 1917, P. L. 447, except to give the right of exemption to a surviving husband. The 1917 Act provided for the exemption to the widow or children 'forming part of the family of any decedent'. The prior Act of April 14, 1851, P. L. 612, provided that the exemption should be 'for the use of the widow and family'. Under both acts it was held that no one could make a claim who did not stand in the family relation toward decedent . . . and, as pointed out

in the report of the Joint State Government Commission, the requirement of a family relationship was construed to mean that children must form a part of decedent's 'household' to be entitled to the exemption, and hence that word was used in the 1949 Act. The words 'as a reasonable requirement for support during the settlement of the estate' were added to secure the benefit of certain deductions for Federal and State tax purposes and did not effect a change in the prior law which held that whether a child is dependent upon decedent or is an adult has no bearing on her right to the exemption. . . . That these words were not intended to make dependency a requirement is further indicated by the new provision allowing an exemption to a surviving husband."

This discussion, and the decisions on which it is based, clearly indicate that the term "decedent's household" was not used in the narrow sense that decedent had to maintain the household or be the provider. It was rather in the broad sense of "family" and was adopted in place of the word "family" used in the former statute for the purpose of indicating the legislature's intention that claimant and decedent had to be living together as a family unit or household to qualify claimant for the exemption. "Decedent's household" means the same household as decedent rather than a household maintained by decedent. The requirement then is the same as it was prior to 1949, which was the intention expressed in the report of The Joint State Government Commission. See also Henry Estate, 2 D. & C. 2d 27 (1954).

The suggestion made in Fiduciary Review, August, 1954, that section 211 be amended, as above referred to, was adopted by the legislature. By the Act of February 23, 1956 P. L. 1084 (effective January 1, 1956, after the death of decedent), section 211 was amended to require only that children-claimants must be "mem-

bers of the same household as the decedent". We would construe this amendment not a change in the law but as a clarification of what was intended in the law as originally drafted.

Claimant, William F. Lerew, and decedent having been members of the same household, claimant is entitled to the exemption.

And now, June 22, 1957, the exemptions to the report of the auditor are sustained. The schedule of distribution filed by the auditor is amended by deducting from the net balance for distribution of $2,221.50, the family exemption of $750 payable to William F. Lerew, leaving a balance for distribution of $1,471.50 which, after the payment of additional costs made necessary by the exceptions to the auditor's report and this opinion, is distributed in equal shares to William F. Lerew, Samuel W. Lerew and June Hoffman.